IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **L.C. HALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **7:06-cv-00146-UWC** |
| **STATE OF ALABAMA;** | ) | |
| **DEPARTMENT OF PUBLIC** | ) | |
| **SAFETY; and TROOPER** | ) | |
| **JEREMY LETT,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Presently before this Court is Defendants' Motion to Dismiss. (Doc. 5.) After reviewing the motion and the supporting documents, this Court finds that the motion is due to be granted, with prejudice, as to Defendants State of Alabama and Department of Public Safety, and granted, without prejudice, as to Defendant Trooper Jeremy Lett.

I.

Plaintiff L.C. Hall ("Hall") commenced this action on January 30, 2006, against Defendants State of Alabama ("the State"), Department of Public Safety ("the Department"), and State Trooper Jeremy Lett ("Lett"). (Doc. 1.) Hall claims that Defendants violated his constitutional rights under 42 U.S.C. section 1983 by using

excessive force and making an unreasonable arrest during a traffic stop conducted by Lett.  Additionally, Hall asserts that Defendants are liable under Alabama's laws of assault, battery and negligence.

According to the Complaint, Defendant Lett pulled Hall over for speeding. After Lett had taken Hall's license back to the patrol car, Hall exited his vehicle to speak with Lett.  Lett then pulled out his nightstick and mace and told Hall to go back to his car.  Hall asked if Lett was going to beat him, and Lett responded by telling Hall to get against the car and kneel down.  Hall positioned himself against the car, but his kneeling was limited because of recent knee surgery.   At that point, Lett began beating Hall with a nightstick.  Hall run away from Lett and into the oncoming traffic to avoid further blows.  Lett overtook him, placed him in handcuffs,  and arrested him. Lett "handcuffed the Plaintiff after he was handcuffed." Doc. 1. ¶ VII.[1]

---

[1] Plaintiff has not amended the complaint to allege that he was beaten after he was handcuffed, which, if alleged and proved, would violate the Eighth Amendment.

> In this Circuit, a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment, because the use of force 'maliciously and sadistically to cause harm" is clearly established to be a violation of the Constitution by the Supreme Court decisions in *Hudson* and *Whitley*.  See *Johnson v. Breeden,* 280 F.3d 1308, (11th Cir.2002).

*Skrtich v. Thornton,* 280 F.3d 1295 (11th Cir.2002). Unless and until the Plaintiff amends his complaint to allege that he was beaten after having been handcuffed, in violation of the Eighth Amendment, the Court will assume that he does not raise those issues in this Court.

## II.

Defendants have moved to dismiss for Plaintiff's failure to state a claim upon which relief can be granted on the basis of sovereign, qualified, and state agent immunity.

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).

## III.

Defendants State of Alabama and Department of Public Safety argue that they are immune from actions under section 1983.

It is established law that states and their agencies are, under the Eleventh Amendment, immune from lawsuits for compensatory damages under 42 U.S.C. § 1983 ("1983"). *Alabama v. Pugh*, 438 U.S. 781, 781 (1978); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525-26 (11th Cir. 1990).

Because this is the quintessential 1983 action for damages, the State and the Department's motion to dismiss is due to be granted, with prejudice.

## IV.

Lett argues that he has qualified immunity to Plaintiff's 1983 claim, and

discretionary function immunity to Plaintiff's state law claims.

A.

A law enforcement official may be entitled to the qualified immunity to 1983 claims. *Saucier v. Katz*, 533 U.S. 194 (2001). When asserted, this immunity may be defeated only if the plaintiff proves: 1) that the defendant violated a constitutional right; and 2) that the constitutional right was clearly established at the time of the defendant's violation. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 *(1982); Hope v. Pelzer,* 536 U.S. 730 (2002).

While "[t]he use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment . . . the typical arrest involves some force and injury" *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). In determining whether the force was reasonable or excessive, a court must determine whether the "Graham factors:"[2] are satisfied. These factors include: 1) the need for the application of force, 2) the relationship between the need and the amount of force used, and 3) the extent of the injury inflicted. *Leslie v. Graham,* 786 F.2d 1533, 1536 (11th Cir.1986); *Vinyard v. Wilson,* 311 F.3d 1340, 1347 (11th Cir.2002). An officer is entitled to immunity from an excessive force claim unless the force used "would inevitably lead every reasonable [official] in [the defendant's] position to conclude

---

[2]*Graham v. Connor*, 490 U.S. 386, 394-95, 129 S.Ct. 1865 (1989).

that the force was unlawful." *Jones v. City of Dothan,* 121 F.3d 1456, 1460 (11th Cir.1997), *quoting Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1559 (11th Cir.1993).

In determining whether a right was "clearly established," the dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151. *Pelzer* established that the officer is entitled to fair warning that his treatment of a plaintiff is unlawful. 536 U.S. at 739-740. In some cases, the words of the pertinent statute or constitutional provision are specific enough to establish clearly the law applicable to particular conduct and circumstances.  Secondly, if the conduct is not so egregious as to violate a statute or constitutional provision on its face, then some broad statement of principle in case law, not necessarily tied to particularized facts, can clearly establish law applicable in the future to different sets of detailed facts. Finally, the court may look at Supreme Court or circuit precedent tied to the particularized facts of a case. *Vinyard,* 311 F.3d at 1350-52.

In analyzing the *Graham* factors, the Court notes that the crime of speeding can be a serious one. Likewise, failure to obey an officer's command to return to one's car while the officer writes a speeding ticket can pose a serious threat to the officer, as well as the failure to follow the officer's order to get on one's knees during the process of arrest . Plaintiff's effort to leave the scene during the process of arrest

certainly may have justified the use of force.  Plaintiff does not allege any serious injuries as a result of the alleged assault.

Under all the circumstances, the Court concludes that Lett has qualified immunity to Plaintiff's claim of excessive force in the arrest.

B.

Section 6-5-338 of the Alabama Code affords immunity to law enforcement officials from tort liability arising from their performance of discretionary functions in the scope of their authority.  ALA. CODE § 6-5-338.  When the conduct made the basis of the State tort claim is based upon the official's exercise of judgment in the enforcement of the State's criminal laws, including, but not limited to, arresting or attempting to arrest persons, the official is shielded from tort liability by discretionary function immunity.  *Ex parte Duvall*, 782 So. 2d 244, 247-48 (Ala. 2000).

Again, under all the circumstances, the Court concludes that Lett is protected against the state law claims by discretionary function immunity. [3]

By separate order, the State and the Department will be dismissed with

---

[3] If Plaintiff elects to amend the complaint and to allege that LEtt beaten him while he was handcuffed, then the discretionary function immunity would be seriously called into question, since it does not immunize malicious or bad faith acts. *Ex parte Cranman,* 792 So.2d 392, 402 (Ala.2000).

Case 7:06-cv-00146-LSC   Document 10   Filed 06/29/06   Page 7 of 7

prejudice, and Lett will be dismissed without prejudice.

      Done this 29th day of June, 2006.

                                        _____
                                        U.W. Clemon
                                        Chief United States District Judge

7